**Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000496
22-APR-2013
09:47 AM**

NO. CAAP-12-0000496

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


MARGARET WILLE,
Appellant-Appellant,
v.
BOARD OF LAND AND NATURAL RESOURCES;
DEPARTMENT OF LAND AND NATURAL RESOURCES;
WILLIAM J. AILA, JR., in his official capacity as
Chairperson of the Board of Land and Natural Resources
and the Director of the Department of Land
and Natural Resources; STATE OF HAWAIʻI;
and PARKER RANCH INC.,
Appellees-Appellees


APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 11-1-202K)


MEMORANDUM OPINION
(By:  Foley, Presiding J., Fujise and Reifurth, JJ.)


In this secondary administrative appeal, Appellant-Appellant Margaret Wille (Wille) appeals from the March 14, 2012 "Findings of Fact and Conclusions of Law; Order Dismissing Appellant Margaret Wille's Appeal" and the April 19, 2012 "Final Judgment," both entered in the Circuit Court of the Third

Circuit[1] (circuit court) in favor of Appellees-Appellees Board of Land and Natural Resources (BLNR), the Department of Land and Natural Resources (DLNR), William J. Aila, Jr., the State of Hawai'i (State), and Parker Ranch, Inc. (Parker Ranch) (collectively, Appellees).

## I.   BACKGROUND

This appeal arises from the BLNR's extension of three pasture leases (collectively, Leases) to Parker Ranch.  The Leases were set to expire on February 28, 2011.  Pursuant to Hawaii Revised Statutes (HRS) § 171-36(b) (2011 Repl.), Parker Ranch requested that the BLNR extend the Leases by twenty years. After conducting a site visit to the leased property and determining Parker Ranch's compliance with the lease provisions of HRS Chapter 171 (2011 Repl.), the DLNR staff recommended that the BLNR extend the Leases by twenty years.

The BLNR held regularly scheduled meetings on February 11 and February 25, 2011.  The meetings' agendas listed the extension of each of the three Leases as agenda items.  During both meetings, Wille and other members of the community presented oral and written testimony.  After considering the testimony and the DLNR staff report, the BLNR unanimously agreed to extend the terms of all three Leases by twenty years.

Wille submitted petitions for a contested case hearing on February 16 and March 7, 2011, challenging the BLNR's extension of the Leases.  In her petitions, Wille stated she lived "immediately adjacent to one of the subject parcels" and wanted access over the leased parcels "to hike for pleasure and health."  Wille also claimed a "cultural-[aesthetic] interest in

---

[1]     The Honorable Elizabeth A. Strance presided.

not being surrounded by a place of extraordinary beauty that is bordered by no trespassing signs, especially when those places are of historic and cultural significance."

On May 13, 2011, the BLNR held a regularly scheduled meeting listing Wille's petitions as an agenda item. After considering Wille's written testimony and a DLNR staff report, the BLNR unanimously agreed to deny Wille's petitions for a contested case hearing.

On June 9, 2011, Wille filed a notice of appeal to the circuit court, appealing the BLNR's decision to extend the Leases and to deny Wille's request for a contested case hearing. Wille's notice of appeal claimed jurisdiction under HRS § 91-14(a) (2012 Repl.), Hawai'i Rules of Civil Procedure (HRCP) Rule 72(a), Hawaii Administrative Rules (HAR) § 13-1-1(h), and article XII, section 4 of the Hawai'i Constitution. The circuit court heard oral arguments on December 12, 2011 and ruled in favor of Appellees. The circuit court then entered the March 14, 2012 "Findings of Fact and Conclusions of Law; Order Dismissing Appellant Margaret Wille's Appeal" and the April 19, 2012 "Final Judgment," from which Wille timely appealed.

On appeal, Wille contends (1) the circuit court had jurisdiction pursuant to HRS § 91-14(a) and article XII, section 4 of the Hawai'i Constitution (2) the BLNR's grant of a twenty-year lease extension was not an "internal management" matter and therefore was not exempt from HRS Chapter 91 (2012 Repl.)'s provisions; (3) the lease extension was a "disposition" of public land under HRS § 171-13 (2011 Repl.) and therefore triggered public access rights under HRS § 171-26 (2011 Repl.); and (4) the BLNR proceedings failed to provide sufficient due process with respect to public access rights under HRS § 171-26. Because we

3

conclude the circuit court lacked subject matter jurisdiction, we affirm.

## II. STANDARDS OF REVIEW

### A. Circuit Court Jurisdiction

> The circuit court's authority to hear the instant matter and, in turn, [the appellate court's] authority to review the circuit court's rulings are questions of subject matter jurisdiction. "Whether a court possesses subject matter jurisdiction is a question of law reviewable *de novo*." *Hawaiʻi Mgmt. Alliance Ass'n v. Ins. Comm'r*, 106 Hawaiʻi 21, 26, 100 P.3d 952, 957 (2004) (internal quotation marks and citation omitted); *see also Int'l Bhd. of Painters & Allied Trades, Local Union 1944 v. Befitel*, 104 Hawaiʻi 275, 281, 88 P.3d 647, 653 (2004) ("Subject matter jurisdiction is concerned with whether the court has the power to hear a case." (Internal quotation marks and citation omitted.)). We further note that:

> > The lack of jurisdiction over the subject matter cannot be waived by the parties. If the parties do not raise the issue, a court *sua sponte* will, for unless jurisdiction of the court over the subject matter exists, any judgment rendered is invalid.

> *Chun v. Employees' Ret. Sys. of the State of Hawaiʻi*, 73 Haw. 9, 14, 828 P.2d 260, 263 (1992) (citation and internal quotation marks omitted). When reviewing a case to determine whether the circuit court has jurisdiction, [the appellate court] "retains jurisdiction, not on the merits, but for the purpose of correcting the error in jurisdiction." *Amantiad v. Odum*, 90 Hawaiʻi 152, 159, 977 P.2d 160, 167 (1999) (citation omitted).

*Tamashiro v. Dep't of Human Services, State of Hawaiʻi*, 112 Hawaiʻi 388, 398, 146 P.3d 103, 113 (2006) (brackets in original omitted).

### B. Statutory Interpretation

> Questions of statutory interpretation are questions of law to be reviewed <u>de novo</u> under the right/wrong standard.

> Our statutory construction is guided by the following well established principles:

> > our foremost obligation is to ascertain and give effect to the intention of the legislature, which is to be obtained primarily from the language contained in the statute itself. And we must read statutory

4

> language in the context of the entire statute and construe it in a manner consistent with its purpose.
>
> When there is doubt, doubleness of meaning, or indistinctiveness or uncertainty of an expression used in a statute, an ambiguity exists.
>
> In construing an ambiguous statute, the meaning of the ambiguous words may be sought by examining the context, with which the ambiguous words, phrases, and sentences may be compared, in order to ascertain their true meaning. Moreover, the courts may resort to extrinsic aids in determining legislative intent. One avenue is the use of legislative history as an interpretive tool.
>
> [The appellate] court may also consider the reason and spirit of the law, and the cause which induced the legislature to enact it to discover its true meaning.

Lingle v. Hawaiʻi Gov't Employees Ass'n, AFSCME, Local 152, 107 Hawaiʻi 178, 183, 111 P.3d 587, 592 (2005) (internal quotation marks, brackets and ellipses omitted) (quoting Guth v. Freeland, 96 Hawaiʻi 147, 149-50, 28 P.3d 982, 984-85 (2001)).

The general principles of construction which apply to statutes also apply to administrative rules. Citizens Against Reckless Dev. v. Zoning Bd. of Appeals of Honolulu, 114 Hawaiʻi 184, 194, 159 P.3d 143, 153 (2007).

## III. DISCUSSION

"The right to appeal is purely statutory and exists only when jurisdiction is given by some constitutional or statutory provision." Lingle, 107 Hawaiʻi at 184, 111 P.3d at 593. As a threshold matter, "every court must . . . determine . . . whether it has jurisdiction to decide the issue[s] presented." Pele Defense Fund v. Puna Geothermal Venture, 77 Hawaiʻi 64, 67, 881 P.2d 1210, 1213 (1994). Here, the question is whether the circuit court had subject matter jurisdiction to hear this case pursuant to HRS § 91-14 (2012 Repl.), the statute that provides for judicial review of a contested case. To invoke

the circuit court's jurisdiction under HRS § 91-14, the appellant must meet four requirements:

> **first**, the proceeding that resulted in the unfavorable agency action <u>must have been a "contested case" hearing -- *i.e.*, a hearing that was (1) required by law and (2) determined the "rights, duties, and privileges of specific parties"</u>; **second**, the agency's action must represent "a final decision and order," or "a preliminary ruling" such that deferral of review would deprive the claimant of adequate relief; **third**, the claimant must have followed the applicable agency rules and, therefore, have been involved "in" the contested case; and **finally**, the claimant's legal interests must have been injured -- *i.e.*, the claimant must have standing to appeal.
>
> *PASH* [*Public Access Shoreline Hawai'i v. Hawai'i County Planning Comm'n*], 79 Hawai'i [425,] 431, 903 P.2d [1246,] 1252 [(1995)] (bold emphases added).

<u>Kaleikini v. Thielen</u>, 124 Hawai'i 1, 16-17, 237 P.3d 1067, 1082-83 (2010) (brackets omitted). Because Wille does not meet the first criteria - that the agency action stemmed from a contested case hearing required by law - we look no further and conclude the circuit court did not err when it dismissed the case for lack of jurisdiction.

"In order for an agency hearing to be 'required by law,' it may be required by (1) agency rule, (2) statute, or (3) constitutional due process." <u>Aha Hui Malama O Kaniakapupu v. Land Use Comm'n</u>, 111 Hawai'i 124, 132, 139 P.3d 712, 720 (2006). "If the statute or rule governing the activity in question does not <u>mandate</u> a hearing prior to the administrative agency's decision-making, the actions of the administrative agency are not 'required by law' and do not amount to 'a final decision or order in a contested case' from which a direct appeal to circuit court is possible." <u>Bush v. Hawaiian Homes Comm'n</u>, 76 Hawai'i 128, 134, 870 P.2d 1272, 1278 (1994). "[D]iscretionary hearings are not contested cases because they are not mandated by law."

6

Lingle, 107 Hawai'i at 184, 111 P.3d at 593.

We conclude there is no statutory or rule-based requirement for the BLNR to hold a hearing on the extension of Parker Ranch's Leases. None of the HRS Chapter 171 provisions on pasture leases contain any requirement for a hearing before BLNR action on a lease or lease extension. See HRS §§ 171-14, 171-15, 171-16, 171-36 (2011 Repl.). Moreover, nothing in the remainder of HRS Chapter 171 or in the DLNR administrative rules (contained in HAR Title 13) mandate a hearing on pasture leases. In contrast, several sections of HRS Chapter 171[2] and HAR Title 13[3] specifically require a public hearing before the agency takes certain actions. The inclusion of particular language requiring a hearing only in specific sections of HRS Chapter 171 and in HAR Title 13 signifies that the requirement for a hearing was intentionally excluded from all other sections. See In re Water Use Permit Applications, 94 Hawai'i 97, 151, 9 P.3d 409, 463 (2000) (stating "[w]here [the legislature] includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that [the legislature] acts intentionally and purposely in the disparate inclusion or exclusion").

Wille contends HRS § 171-26 requires the BLNR to hold

---

[2]    E.g., HRS §§ 171-28 (requiring the BLNR conduct a public hearing when leasing government-owned Hawaiian fishponds without legislative authorization); 171-58 (requiring a hearing before leasing water rights); 171-80 (before cancelling a residential leasehold); 171-41, 171-41.5 (before amending height, density, or use restrictions imposed in certain leases); and 171-95.3 (before entering or renewing any lease of public land to renewable energy producers) (2011 Repl.).

[3]    E.g., HAR §§ 13-184-8 (requiring the BLNR hold public hearings before acting on a proposal to designate an area as a geothermal resource subzone); 13-184-11(1) (before determining whether to issue a conservation district use permit); 13-5-40 (before granting a permit, site approval, or management plan approval in a conservation district); 13-183-26 (requiring a hearing on revocations of a mining lease).

a contested case hearing before granting a lease extension. Although HRS § 171-26 requires the BLNR to lay out "a reasonable number of rights-of-way" before disposing of public lands, nothing in the section requires a hearing in connection with this process.[4]

Wille also contends she is entitled to a contested case hearing because she is an interested person pursuant to HAR § 13-1-31 ("Parties").[5]  However, the rule sets forth who may have

---

[4]     HRS § 171-26 states in full:

**§171-26   Rights-of-way to the sea, game management areas, and public hunting areas.**   Prior to the disposition of any public lands, the board of land and natural resources shall lay out and establish over and across such lands a reasonable number of rights-of-way from established highways to the public beaches, game management areas, public hunting areas, and public forests and forest reserves in order that the right of the people to utilize the public beaches, game management areas, public hunting areas, and public forests and forest reserves shall be protected.

Prior to the leasing of any lands, the board shall determine the feasibility of hunting on such lands, and if any of them is suitable for hunting or may during the term of the lease become suitable for hunting, the board may reserve such lands as game management areas or public hunting areas. Where the board finds that hunting on such lands would not be consistent with the rights of the lessee or for other good cause, the board need not reserve such lands as game management areas or public hunting areas.

The cost of such rights-of-way and any fencing which may be required shall be borne by the State, lessee or jointly as the board may deem appropriate prior to the leasing of such lands.

[5]     Specifically, Wille relies on HAR § 13-1-31(b) and (h), which state:

**§13-1-31   Parties.**
        . . . .

        (b) The following persons or agencies shall be admitted as parties:

                (1)     All government agencies whose jurisdiction includes the land in question shall be admitted as parties upon timely application.

                (2)     All persons who have some property interest in
                                                        (continued...)

8

standing only <u>after</u> it is determined that a contested case is required. HAR § 13-1-31 does not itself contain a mandate for a contested case hearing. A preceding section, HAR § 13-1-28 ("Contested Cases") sets forth the requirement for holding contested cases and states: "<u>When required by law</u>, the [BLNR] shall hold a contested case hearing upon its own motion or on a written petition of any government agency or any interested person." HAR § 13-1-28(a) (emphasis added). Thus, when read together HAR §§ 13-1-28 and 13-1-31 allow certain persons or agencies to be parties in a contested case, but only when an independent law requires the agency to hold a contested case hearing.

Without a statute or rule requiring the BLNR to hold a contested case hearing before extending the Leases, the remaining question is whether constitutional due process requires a contested case hearing. <u>Bush</u>, 76 Hawai'i at 135, 870 P.2d at 1279. To establish a due process right to a contested case hearing, the claimant must first show that "the particular interest which claimant seeks to protect by a hearing [is] 'property' within the meaning of the due process clauses of the federal and state constitutions[.]" <u>Sandy Beach Def. Fund v. City Council of Honolulu</u>, 70 Haw. 361, 376, 773 P.2d 250, 260

---

[5](...continued)

> the land, who lawfully reside on the land, who are adjacent property owners, or who otherwise can demonstrate that they will be so directly and immediately affected by the requested action that their interest in the proceeding is clearly distinguishable from that of the general public shall be admitted as parties upon timely application.

> . . . .

> (h) A person whose request to be admitted as a party has been denied by the board may appeal that denial to the circuit court pursuant to section 91-14, HRS.

(1989).

The property interest must be one for which the claimant has "a legitimate claim of entitlement" and must be "more than an abstract need or desire" or "a unilateral expectation." Bush, 76 Hawaiʻi at 136, 870 P.2d at 1280. Wille asserts that she has a cognizable property interest on three grounds: (1) her ownership of property adjoining the land under the Leases, (2) her "recreational-health and aesthetic interests," and (3) her status as a beneficiary of the public trust under article XII, section 4 of the Hawaiʻi State Constitution.[6] We conclude none of her stated interests rise to the level of a property interest entitled to due process protection.

First, Wille's assertion that Town v. Land Use Comm'n, 55 Haw. 538, 524 P.2d 84 (1974) recognizes a protected property interest in adjacent property owners is incorrect. In Town, the adjoining property owner's entitlement to a contested case hearing was mandated by a specific statute, not by constitutional due process. See Id., 55 Haw. at 542 n.2, 548 n.4, 524 P.2d at 87 n.2, 91 n.4 (quoting the versions of HRS §§ 205-3 and 205-4 in effect at the time, requiring "public hearings" in conjunction with the adoption or amendment of district boundaries by the Land Use Commission).

Second, "[w]hile we have recognized the importance of

---

[6]     Article XII, section 4 states:

> **Section 4.** The lands granted to the State of Hawaiʻi by Section 5(b) of the Admission Act and pursuant to article XVI, section 7, of the State Constitution, excluding therefrom lands defined as "available lands" by Section 203 of the Hawaiian Homes Commission Act, 1920, as amended, shall be held by the State as a public trust for native Hawaiians and the general public.

10

aesthetic and environmental interests in determining an individual's standing to contest the issue, we have not found that such interests rise to the level of 'property' within the meaning of the due process clause[.]" <u>Sandy Beach Def. Fund</u>, 70 Haw. at 377, 773 P.2d at 261 (citation omitted). Wille's reliance on <u>In re 'Iao Ground Water Mgmt. Area High-Level Source Water Use Permit Applications</u>, 128 Hawai'i 228, 241, 287 P.3d 129, 142, is unavailing. In that case, the Hawai'i Supreme Court concluded the native Hawaiian claimants' interests in traditional and customary rights had a statutory basis in the water code. <u>In re 'Iao</u>, 128 Hawai'i at 241-42, 287 P.3d at 142-43 (citing HRS §§ 174C-101, 174C-63 (1993)). Wille has not cited any statutory basis supporting her entitlement to recreational and aesthetic interests.

Finally, our courts have never held that an individual's status as the beneficiary of the "public trust" constitutes a cognizable property interest warranting due process protection. <u>See</u> <u>Keahole Def. Coal., Inc. v. Bd. of Land & Natural Res.</u>, 110 Hawai'i 419, 434, 134 P.3d 585, 600 (2006) ("The plain language of [article XII, section 4 of the Hawai'i Constitution] does not directly support [the claimant's] contention that it is deprived of a property right and [the claimant] has not directed this court to any case law or statutory authority to support its interpretation[.]").

Without a statutory, rule-based, or constitutional mandate for a contested case hearing, the BLNR hearings that took place on February 11, 2011 and February 25, 2011 did not constitute a "contested case" for the purposes of obtaining appellate review pursuant to HRS § 91-14(a). <u>Bush</u>, 76 Hawai'i at 136, 870 P.2d at 1280. Furthermore, if no right to a contested case exists, judicial review of an agency's denial of a request

11

for a contested case hearing "is unattainable due to lack of subject matter jurisdiction." Id. at 136, 870 P.2d at 1280 (concluding no subject matter jurisdiction existed to review the denial of a request for a contested case hearing when an agency hearing was held, but the hearing was not required by law).

Lastly, we address Wille's contention that the circuit court had jurisdiction pursuant to article XII, section 4 of the Hawai'i Constitution. Assuming arguendo that article XII, section 4 creates an original cause of action that can function as a means of invoking judicial review, we conclude Wille's pleadings in the circuit court failed to invoke the circuit court's original jurisdiction. Wille filed her action as an agency appeal, and she did not contest the BLNR's actions through any means other than her request for a contested case hearing and her subsequent appeal. Although Wille cited article XII, section 4 in her notice of appeal and included a request for injunctive relief in her supporting statement of the case, this isolated language, without more, is insufficient to assert an independent constitutional right to judicial review as a basis for jurisdiction.

Therefore, we conclude Wille asserted only HRS § 91-14 as her basis for judicial review, and as Wille had no right to a contested case hearing, the circuit court did not err when it dismissed the case for lack of jurisdiction.

## IV.   CONCLUSION

The March 14, 2012 "Findings of Fact and Conclusions of Law; Order Dismissing Appellant Margaret Wille's Appeal" and the April 19, 2012 "Final Judgment" entered in the Circuit Court of

12

the Third Circuit are affirmed.

DATED: Honolulu, Hawai'i, April 22, 2013.

On the briefs:

Margaret Wille
Appellant-Appellant pro se.

Donna H. Kalama
Linda L.W. Chow
Cindy Y. Young
Deputy Attorneys General
for Appellees-Appellees Board
of Land and Natural Resources;
Department of Land and Natural
Resources; William J. Aila,
Jr., in his official capacity
as Chairperson of the Board of
Land and Natural Resources and
the Director of the Department
of Land and Natural Resources;
and the State of Hawai'i.

Steven S.C. Lim
Jennifer A. Benck
Michael J. Scanlon
(Carlsmith Ball)
and
Edmund W.K. Haitsuka
for Appellee-Appellee Parker
Ranch Inc.

Presiding Judge

Associate Judge

Associate Judge

13